IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHASTA HOWELL,[1]

    Plaintiff,

v.

WISCONSIN DEPARTMENT OF
CHILDREN AND FAMILY,

    Defendant.

OPINION and ORDER

Case No.  19-cv-732-wmc

---

SHASTA HOWELL,

    Plaintiff,

v.

ROCK COUNTY,

    Defendant.

OPINION and ORDER

Case No. 19-cv-733-wmc

---

SANDRA HOWELL,

    Plaintiff,

v.

JUDGE ALAN BATES, ROCK COUNTY
FAMILY COURT, ROCK COUNTY CPS,
and MIKE LARSON,

    Defendants.

OPINION and ORDER

Case No.  19-cv-754-wmc

---

SHANE MALLY,

    Plaintiff,

v.

OPINION and ORDER

Case No. 19-cv-755-wmc

---

[1] While plaintiff's complaint listed her name as Shasta McCallum in Case Nos. 19-cv-732 and 19-cv-733, she filed motions to change her name to Shasta Howell, in light of her recent divorce. (No. 19-cv-732, dkt. #8; No. 19-cv-733, dkt. #8.)  Those motions are granted.

JUDGE ALAN BATES, ROCK COUNTY
FAMILY COURT, ROCK COUNTY CPS,
and MIKE LARSON,

        Defendants.

---

*Pro se* plaintiffs Shasta Howell, Sandra Howell and Shane Mally have filed a total of four civil actions pursuant to 42 U.S.C. § 1983 against defendants, various individuals and entities involved in the events and proceedings surrounding the termination of Shasta's parental rights to her son "N.M.H." that have been taking place between 2011 and the present. These lawsuits parrot all of the claims that Shasta pursued in *In re N.M.H*, No. 19-cv-415-wmc (W.D. Wis.) ("the '415 case"), and *Howell v. State of Wisconsin*, No. 19-cv-468-wmc (W.D. Wis.) ("the '468 case"). Although this court dismissed both lawsuits for failure to state a claim upon which relief can be granted, the Court of Appeals for the Seventh Circuit amended the judgment as dismissal without prejudice for want of subject matter jurisdiction, under the *Rooker-Feldman* doctrine. *Howell v. Dewey*, 817 F. App'x 268, 270 (7th Cir. Aug. 19, 2020). In each of these lawsuits captioned above, plaintiffs (Howell, Howell's mother and an associate of Howell) seek to proceed *in forma pauperis*, and thus this court must review the complaints pursuant to 28 U.S.C. § 1915(e)(2). Since the court lacks subject matter jurisdiction over these lawsuits for the same reasons as it did in Howell's other lawsuits, the court is dismissing all of them without prejudice.

OPINION

As noted plaintiffs' claims in these lawsuits are essentially the same.  They believe that Rock County Child Protective Services employees and various public officials caused Shasta Howell's parental rights to N.M.H. to be terminated through various nefarious means, including falsifying drug tests so that her blood tested positive for cocaine, conducting illegal searches of her person and property, showing bias against her, refusing to give her a fair trial, falsifying court documents, and failing to protect her rights or provide her or N.M.H. with needed medical care.  While plaintiffs do not provide specific allegations detailing when wrongful events took place during these proceedings and who was responsible, they submit numerous documents related to Rock County's supervision of Howell's activities and court proceedings related to Howell's efforts to regain custody of N.M.H.  Those documents indicate that Shasta Howell's appeal to the Wisconsin Court of Appeals was denied.  Plaintiffs claim that those proceedings, as well as a 2018 Rock County proceeding related to Shasta's most recent efforts to regain custody was similarly constitutionally defective.  However, like Shasta's '415 and '468 cases, these cases must be dismissed.  *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 496 (1983).

In the '732 case, Shasta Howell seeks to proceed against defendant Wisconsin Department of Children and Family Services, seeking monetary damages and for her "family rights to be honored."  In the '733 case, Shasta Howell seeks to proceed against Rock County on the same allegations.  However, her allegations and proposed claims are the same as the claims Howell pursued in the '415 and '468 cases, which may not be re-

3

litigated in federal court. *See* '415, dkt. #26; '468, dkt. #20. Similarly, in the '754 case, plaintiff Sandra Howell (Shasta Howell's mother) seeks to proceed against Judge Alan Bates, Rock County Family Court, Rock County CPS and Mike Larson, and in the '755 case, plaintiff Shane Mally (a witness during the Rock County proceedings) seeks to proceed against the same group of defendants. Given that each of these lawsuits asks this court to disturb the state court proceedings, the court must dismiss them for lack of subject matter jurisdiction. *See Rooker*, 263 U.S. at 415-16; *Feldman*, 460 U.S. at 486. If plaintiffs believe that they have a basis to challenge the Rock County Family Court proceedings, they must do so in state court.

ORDER

IT IS ORDERED that:

1. In light of the court's decision dismissing these cases for lack of subject matter jurisdiction, the motions to file oversized documents, for attorney assistance and to proceed in forma pauperis ('732, dkt. #3; '733, dkt. #3; '754, dkt. #3; '755, dkt. #3) and to change plaintiff's names ('732, dkt. #8; '733, dkt. #8) are DENIED.

2. These lawsuits are DISMISSED without prejudice for lack of subject matter jurisdiction.

Entered this 15th day of September, 2020.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge